# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| STATE OF IOWA, | |
| Plaintiff, | No. C15-2023-LRR |
| vs. | |
| TIMOTHY JOHN MILLER, | **ORDER** |
| Defendant. | |

___

The matter before the court is the defendant's "notice of removal." The clerk's office filed such notice on April 9, 2015. The defendant did not submit the required filing fee or an application to proceed in forma pauperis. *See* 28 U.S.C. § 1914(a) (requiring $400.00 filing fee for civil actions, except that on application for a writ of habeas corpus the filing fee is $5.00); 28 U.S.C. § 1915 (explaining in forma pauperis proceedings). Further, neither the procedural requirements of 28 U.S.C. § 1455 nor the removal requirements under 28 U.S.C. § 1443 are satisfied. *See St. Louis Cnty. v. Thomas*, 549 F. App'x 596 (8th Cir. 2014) (citing 28 U.S.C. § 1455 and *Johnson v. Mississippi*, 421 U.S. 213, 219-20 (1975)); *Iowa v. Johnson*, 976 F. Supp. 812, 814-18 (N.D. Iowa 1997) (concluding that the criminal prosecution was not removable pursuant to 28 U.S.C. § 1443(1) because defendants did not allege that a violation of racial equality occurred and defendants failed to timely file their notice of removal). And, the defendant does not rely on the other federal statutes—28 U.S.C. § 1442, 28 U.S.C. § 1442a and 28 U.S.C. § 1443(2)—that permit removal of a state criminal prosecution. Even if the defendant did cite to those statutes, it is clear from the pleadings that none of them provide adequate

grounds for removal.[1]  Because it is untimely and does not include a valid ground for removal, the instant notice of removal is not properly before the court.  *See Thomas*, 549 F. App'x at 596; *Johnson*, 976 F. Supp. at 814-18.  Thus, removal of the instant action under 28 U.S.C. § 1442, 28 U.S.C. § 1442a or 28 U.S.C. § 1443 is inappropriate.

Based on the foregoing, this action shall be summarily remanded to the Iowa District Court for Buchanan County.  *See* 28 U.S.C. § 1455(b)(4) (directing a court to promptly examine the notice and any exhibits annexed thereto and requiring a court to summarily remand the action if it appears that removal is not permitted).  The clerk's office shall mail to the clerk of the Iowa District Court for Buchanan County a certified copy of this order.  *See* 28 U.S.C. § 1447(c).  Because the defendant's notice of removal is untimely under 28 U.S.C. § 1455(b)(1) and the action is not removable under 28 U.S.C. § 1442, 28 U.S.C. § 1442a or 28 U.S.C. § 1443, the Iowa District court for Buchanan County may continue to proceed as if no notice of removal had ever been filed.  *See* 28 U.S.C. § 1455(b)(3).

**IT IS THEREFORE ORDERED**:

1) The clerk's office is directed to file the complaint for the purpose of making a record.

2) The action is summarily remanded to the Iowa District Court for Buchanan County.

---

[1] The defendant does cite to 28 U.S.C. § 1441(d).  But, such statute is inapplicable because the defendant is not a foreign state and a review of state court proceedings indicates that the State of Iowa filed criminal actions, not civil actions, against the defendant.  Iowa state court criminal and civil records may be accessed online at: http://www.iowacourts.gov/For_the_Public/Court_Services/Docket_Records_Search/index.asp.  *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

3) The clerk's office is directed to mail to the clerk of the Iowa District Court for Buchanan County a certified copy of this order.

**DATED** this 23rd day of April, 2015.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA